[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
On May 14, 1991, the plaintiff, L W Supply Corporation, filed a complaint against defendants Mark Corvino d/b/a New England Drywall Systems (hereafter New England Drywall) Mark E. Corvino, and Janice E. Corvino alleging that between June 1, 1990 and October 15, 1990 plaintiff sold and delivered various goods to New England Drywall on an open account. Plaintiff also alleges that the account was personally guaranteed by defendants Mark Corvino and Janice Corvino. Plaintiff alleges that after deducting all applicable credits on the open account defendants owe plaintiff a sum of $5,339.89 plus interest. Plaintiff further alleges that it has made demand on the defendants for payment, but the defendants have failed, neglected, CT Page 4042 and refused to pay the sum due. To date the defendants have not filed a responsive pleading to plaintiff's complaint.
On May 21, 1992, plaintiff filed this motion for summary judgment with a supporting memorandum of law, a supporting affidavit sworn by Michael G. Maloney, the credit manager for L W Supply Corporation, and an attorneys' fee affidavit sworn by David M. Spinner. On June 10, 1992, the plaintiff filed exhibits A and B to the Maloney affidavit. To date the defendants have not filed any memorandum opposing the plaintiff's motion for summary judgment.
The summary judgment motion "is a method of resolving litigation when pleadings, affidavits, and other proof submitted show that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 576 A.2d 829 (1989). Therefore, summary judgment shall be rendered only if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact. Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1991).
 The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which under applicable principles of substantive law, entitled him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.
Fogarty v. Radshaw, 193 Conn. 442, 445, 476 A.2d 582 (1984), quoting Dougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382 (1971). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 379,260 A.2d 596 (1969).
 When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts in the affidavit of the movant. CT Page 4043
(Emphasis added.) Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98
(1986). "In deciding a motion for summary judgment, a trial court must view the evidence in a light most favorable to the nonmoving party." [Citation omitted]. "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 491 (1982). Connell v. Cowell,214 Conn. 242, 246-47, 571 A.2d 116 (1990). In this case, the allegations of the complaint, the Maloney affidavit and the supporting exhibits, which consist of certain invoices and the credit application of the Corvinos, however, fail to show the absence of a genuine issue of material fact.
The crucial factual question is whether the goods that plaintiff alleges it sold and delivered to New England Drywall were accepted. The law governing transactions involving the sale of goods "is to be found in article 2 of the Uniform Commercial Code (UCC) General Statutes 42a-2-101 through 42a-2-725." Franklin Quilting Co. v. Orafaly, 1 Conn. App. 249, 251, 470 A.2d 1228, citing Plateq Corp. v. Machelett Laboratories, Inc., 189 Conn. 433, 436-37, 456 A.2d 786
(1983); Superior Wire Paper Products, Ltd. v. Talcott Tool 
Machine, Inc., 184 Conn. 10-13, 441 A.2d 43 (1981). Article Two of the Uniform Commercial Code provides that the seller may, in an action for the price, "[w]hen the buyer fails to pay the price as it becomes due . . . recover, together with any incidental damages under Section 42a-2-710, the price (a) of goods accepted. . . ." (Emphasis added.) General Statutes 42a-2-709(1). In order to recover for goods delivered the plaintiff must allege and prove that the defendant accepted goods in one of the three ways provided by General Statutes 42a-2-606. Plateq Corp. v. Machelett Laboratories, Inc.,189 Conn. at 439-441; Fairfield Electric Supply v. Achilli, 8 CTLR 31, 32 (November 24, 1992, Leheny, J.). According to General Statutes 42a-2-606:
 (1) Acceptance of goods occurs when the buyer (a) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their nonconformity; or (b) fails to make an effective rejection as provided by subsection (1) of section 42a-2-602, but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or (c) does any act inconsistent with the seller's ownership; but if such act is wrongful as against CT Page 4044 the seller it is an acceptance only if ratified by him.
General Statutes 42a-2-602 provides that "[r]ejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer reasonably notifies the seller."
In its supporting memorandum of law, the plaintiff has argued that the goods must be deemed accepted pursuant to 42a-2-606 because two years have passed since it delivered the goods to the defendant and New England Drywall has not returned the goods, objected or attempted revocation. However, neither the complaint nor the Maloney affidavit contain facts that establish that New England Drywall accepted the goods in any manner prescribed by 42-2-606. Additionally the invoices submitted as Exhibit A to the Maloney affidavit are inconclusive of acceptance, as not all are signed by the receiving party. Therefore, a material question of fact remains as to whether the defendant accepted the goods.
Accordingly, the motion for summary judgment is denied.
LINDA K. LAGER, JUDGE